court should have entered leaving undisturbed the finding of the Tax Commission. It is so ordered.

*Judgment reversed.*

HAMILTON and MATTHEWS, JJ., concur.

SMITH *v*. AETNA LIFE INS. CO.

(Decided November 15, 1933.)

*Messrs. Irish & Riley,* for plaintiff in error.
*Messrs. Corn, Jenkins & Collier,* for defendant in error.

MAUCK, J. Fred Smith brought his action against the Aetna Life Insurance Company alleging that on March 27, 1929, he was an employee of a company whose employees were insured by the defendant under a group life policy of insurance. The plaintiff was one

of the employees who received a certificate under the group policy which provided for the payment to his daughter, the beneficiary, of the sum for which he was insured upon his death. Another provision of the policy was to this effect:

"If any employee, while insured under the policy, becomes totally disabled before the age of sixty * * * the insurance company will pay in accordance with the method designated under the terms of the policy the amount of insurance in force upon such employee's life at the time the insurance commenced."

It is further pleaded that on March 13, 1931, while the plaintiff was still an employee of the company whose group was insured, he became and now is permanently and totally disabled. He further avers that he was past sixty years of age at the time the policy of insurance was issued, and that the defendant knew that fact and, notwithstanding its knowledge, issued the policy with the provision quoted, and that by reason of the defendant's knowledge of the plaintiff's age, its issuance of the policy and its acceptance of premiums thereunder "the defendant has waived the provision of said policy as to the age of the insured." The further averment is that because of the advanced age of the plaintiff he had to pay a larger premium for his insurance than employees under sixty years of age had to pay.

Upon this state of facts the plaintiff sought recovery for permanent total disability. The defendant demurred. The demurrer was sustained and the plaintiff now prosecutes error to this court.

The argument of the plaintiff in error is that the defendant has, by accepting premiums from the plaintiff with the knowledge that the plaintiff was over sixty years of age, waived its right to deny its liability, and some of the authorities discussing the law of waiver as applied to insurance companies are cited in

support of this position. These authorities go to situations where the insuring company, having made a promise to pay, has waived its right to assert certain possible defenses that might have been interposed except for the waiver. We do not see any such situation in the case before us. In the case at bar the defendant has never promised to pay for any disability acquired by an insured person who is over sixty years of age. For the plaintiff to recover he would be required to prove, not that the defendant waived some available defense, but rather that there somehow be read into this policy a promise to pay that has never been written therein. This would in no sense be a waiver but would be the making of a new contract. In the case at bar the defendant has insured a group of employees. The beneficiary of each certificate is entitled to the amount of the insurance upon the death of the holder of such certificate. Such of the group as become totally disabled before the age of sixty are also entitled to the amount of the insurance in force at the time the disability commenced upon due proof of that fact. Such of the employees as live beyond the age of sixty lose their right to disability insurance when they have passed that age but the insurance upon their lives continues unimpaired.

We follow *McLain* v. *American Glanzstoff Corporation,* 166 Tenn., 1, 57 S. W. (2d), 554.

We find nothing in the averments of the petition that avoids the contract pleaded or that brings the plaintiff under the terms of that contract.

The demurrer was properly sustained.

*Judgment affirmed.*

BLOSSER, P. J., and MIDDLETON, J. concur.