155 So. 22

**H. D. FOOTE LUMBER CO., Inc., et al. v. SVEA FIRE & LIFE INS. CO., and seven other cases.**

No. 32080.

April 23, 1934.

Rehearing Denied May 21, 1934.

LeDoux R. Provosty, of Alexandria, for appellants.

Hawthorn, Stafford & Pitts, of Alexandria, for appellees.

BRUNOT, Justice.

The plaintiff H. D. Foote Lumber Company, Inc., owns and operates a lumber yard and planing mill on Hamilton street in the city of Alexandria. The plaintiff carried $32,500 fire insurance coverage on its lumber in policies written by the eight defendants for the following amounts:

Svea Fire & Life Insurance Com-
pany                                      $5,000.00
Fire Association of Philadelphia      2,500.00
New York Underwriters Insurance
Company                                6,000.00
Westchester Fire Insurance Com-
pany                                      5,000.00
Home Insurance Company            2,500.00
National Fire Insurance Company   4,000.00
Guaranty Fire Insurance Company  5,000.00
The Yorkshire Insurance Company,
Ltd.                                       2,500.00

The Guaranty Bank & Trust Company is a beneficiary under the loss payable clause in each of said policies and is, therefore, a nominal party plaintiff in the suits.

A fire destroyed the plaintiff's planing mill and 84,000 feet of lumber. The selling price of the said lumber at the time it was destroyed was $2,586.36. The plaintiff filed a separate suit against each one of the defendants. In all of the suits, except the suits against the Fire Association of Philadelphia, the Home Insurance Company, and the Yorkshire Insurance Company, Limited, it prayed for judgment against the defendant for the full amount of the loss and for the statutory penalty thereon, together with attorney's fee and costs, or, in the alternative, for the defendant's proportionate share of the loss, penalty, attorney's fee, and costs. In its suits against the Fire Association of Philadelphia, the Home Insurance Company, and the Yorkshire Insurance Company, Limited, the plaintiff, in each case, prayed for the full amount of the policy, but, in all other respects the prayer in the eight suits is similar.

The suits were consolidated and tried together and in each case a judgment was rendered in favor of the defendants, rejecting the plaintiff's demands and dismissing the suit at its cost.

Both plaintiffs appealed from the judgments.

The appeal presents two questions.

First, Do the policies sued on cover lumber within 100 feet of the planing mill, whether in the mill sheds, on platforms, on cars, or elsewhere within that limit?

Second, Are defendants estopped from denying liability because their agent knew that the H. D. Foote Lumber Company loaded its lumber and temporarily placed lumber for immediate manufacture within 100 feet of its mill?

■ The first question calls for an interpretation of the coverage and clear space clauses of the policies. The coverage clause reads as follows:

"On lumber and all other products of timber, rough or dressed, manufactured or in the process of manufacture, while on yards and/or sheds and in and/or on cars on side tracks adjacent thereto, their own or others, whether held by them in trust or on commission, or sold, but not removed or for which they may be legally liable, all while situated on the premises owned, leased and/or occupied by the assured on Hamilton Street."

The clear space clause, which the plaintiffs contend is irreconcilably in conflict with the coverage clause, or is at least ambiguous, and that the ambiguity should be interpreted in favor of the insured, reads as follows:

"In consideration of the reduced rates and premium at which this policy is written, it is warranted by the assured that a continuous

unbroken clear space of 100 feet shall be maintained at all times between the property herein described and any idle, and/or operating saw mill, planing mill, and/or other wood working and/or manufacturing building or establishment and/or dry kiln and/or slab pit, and/or refuse burner, whether such saw mill, planing mill, buildings, establishments, dry kilns, slab pits or refuse burners are unused, idle or operating, and that said intervening clear space shall not be used for handling or piling of lumber or lumber products therein or thereon for any purpose (tramways upon which lumber is not piled) alone excepted.

"This shall not be construed to prohibit loading or unloading within, or the transportation of lumber or timber products, across such clear space.

"This policy, however, shall not apply to or cover such timber, lumber or products thereof while being so transported or while in or on said clear space.

"The above warranted clear space establishes the Yard Limits.

"If at any time any of these warranties or agreements are in any way breached, all insurance by this policy shall then and there immediately cease and the policy be null and void."

We think the coverage clause in the policies is descriptive of the property insured, and that, under the clear space clause, all lumber, etc., that is within the yard limits fixed by that clause, and tramways upon which lumber is not piled, whether within the 100-foot clear space or not, are covered by the policies.

If we are correct, the quoted clauses are not inconsistent, and the principal contention of the plaintiff necessarily falls.

■ The record discloses that the planing mill machinery and equipment, and lumber while contained in the mill, were insured separately and apart from the lumber within the yard limits, and at a prohibitive rate for insurance on lumber, the rate being $10.35 per hundred dollars of insurance. It does not appear that any lumber within the yard limits fixed by the clear space clause was destroyed or damaged by the fire, and, being of the opinion that the policies sued on do not cover lumber in the mill sheds, or on its adjacent platforms, or elsewhere within 100 feet of the planing mill, we see no error in the judgments appealed from, unless defendants are estopped from denying liability because their agent knew that the plaintiff lumber company loaded cars and stacked lumber within the 100-foot clear space between the mill and the yard limits. Each of the policies sued upon contain the following clause:

"This shall not be construed to prohibit loading or unloading within, or the transportation of lumber or timber products across such clear space.

"This policy, however, shall not apply to or cover such timber, lumber or products thereof while being so transported or while in or on said clear space."

In view of these clauses, the knowledge of the agent as to the handling and disposition of property not covered by the policies is of no consequence.

■ It is a well-recognized rule that in cases of this kind estoppel can only be decreed

where there is a violation of the terms of the policy by the insured of which the insurer had knowledge, direct or through its authorized agent. Here there was no violation of the terms of the policies, for we have found that lumber outside of the yard limits fixed in the policies was not covered by them.

For the foregoing reasons the judgments appealed from are affirmed at appellants' cost.

ST. PAUL, J., absent.