14163

OWENS v. METROPOLITAN LIFE INSURANCE COMPANY

(182 S. E., 322)

*Messrs. H. P. Burbage* and *Plumer C. Cothran,* for appellant,

*Messrs. Haynsworth & Haynsworth,* for respondent,

November 7, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, Cornelia J. Owens, against Metropolitan Life Insurance Company, defendant, instituted in the Court of Common Pleas for Greenville County, is an action for recovery of judgment against the defendant for the sum of $500.00, as actual damages, and for the sum of $1,000.00, as punitive damages, growing out of the alleged conduct of the defendant in connection with a certain policy of insurance issued by the defendant, Metropolitan Life Insurance Company, while the plaintiff was in the employment of the Conestee Mills. The said certificate of insurance was issued under what is known as the group plan to the plaintiff and, according to the allegations of the plaintiff, the said certificate of insurance contained both death and disability provisions. According to the transcript of record,

there appears on the back of the said certificate of insurance a provision to this effect: "Under the terms of the group policy mentioned on page one of this certificate, any employee shall be considered totally and permanently disabled who furnished due proof to the company that, while insured thereunder and prior to his 60th birthday, he has become so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation and performing any work for compensation or profit."

In reference to this provision, it is the contention of the plaintiff that after she had attained the age of sixty years and, on account of her disability, was forced to leave the employment of the said mill, the defendant continued to receive the premiums for the said policy. There also appears on the back of the said certificate of insurance a provision, in effect, as follows:

"Three months after receipt of such proof, the Metropolitan Life Insurance Company will commence to pay such employee, in lieu of the payment of the insurance under said policy at his death, equal monthly installments, the number and amount of such installments to depend upon the amount of insurance in force on the life of such employee at such date, as shown in the following table:

| "Amount of Insurance | Number of Installments | Amount of Each Installment |
|---|---|---|
| $ 500.00 | 20 | $25.52 |
| 1,000.00 | 40 | 26.25 |
| 1,500.00 | 60 | 27.00 |

"Such installment payments will be made only during the continuance of such disability.

"In the event of the death of the employee during the period of total and permanent disability, any installments remaining unpaid shall be commuted at three and one-half per centum per annum and paid in one sum, or in installments, to the designated beneficiary. In the event of the recovery of the employee from such disability before all installments

have been paid, payment of such installments on account of such employee shall cease. Insurance on the life of such employee shall then be revived, but shall be limited in amount to the commuted value at three and one-half per centum per annum of the installments, then remaining unpaid."

In connection with the allegations of the plaintiff, that the defendant failed and refused to pay plaintiff the amount owing her under the terms of said policy after she complied with the provisions thereof, she makes the following additional allegation, set forth in Paragraph 6 of the complaint: "VI. That because of the fact defendant has wilfully breached the contract, as aforesaid, and has wilfully, fraudulently, and with intent to cheat plaintiff, and has refused to settle with plaintiff the just amount due her under the terms of said insurance policy, plaintiff has sustained punitive damages in the sum of one thousand dollars."

In answering the complaint, the defendant admitted the issuance of the policy in question, but alleged that the same became invalid upon termination of the plaintiff's employment; and contended that, under the terms of the policy, "no disability benefits were to be paid, unless such disability occurred, not only during plaintiff's employment, but prior to the age of sixty years, and proof thereof duly filed with the company, which the defendant alleged was not done."

Before the trial of the case, pursuant to due notice on the part of the attorneys for the defendant, served on counsel for the plaintiff, his Honor, Judge G. Dewey Oxner, issued the following order in the case:

"This cause comes before me at this time upon a motion by the defendant to strike from the Amended Complaint the sixth paragraph, which reads as follows:

" 'VI. That because of the fact defendant has wilfully breached the contract, as aforesaid, and has wilfully, fraudulently and with intent to cheat plaintiff, and has refused to settle with plaintiff the just amount due her under the terms

of said insurance policy, plaintiff has sustained punitive damages in the sum of one thousand dollars.'

"This is clearly an action *ex contractu,* and counsel for plaintiff so construed it at the hearing before me. The allegations in said paragraph are irrelevant. It appearing to the Court that said paragraph should be stricken from said Amended Complaint.

"Now, on motion of Haynsworth & Haynsworth, attorneys for the defendant,

"It is ordered that the sixth paragraph of the Amended Complaint be, and the same is, hereby stricken therefrom."

Issues being joined, the case was tried in said Court before his Honor, Judge William H. Grimball, and a jury, resulting in a verdict for the defendant, directed by the trial Judge.

From the judgment entered on the verdict for the defendant, the plaintiff has appealed to this Court, questioning the correctness of the ruling of the trial Judge, as well as the correctness of the order of his Honor, Judge G. Dewey Oxner, in striking out Paragraph 6 of the amended complaint, which alleged willful and fraudulent breach of the contract and alleged punitive damages in the additional sum of $1,000.00.

The errors imputed to the trial Judge by the appellant are set forth under four exceptions. The first three exceptions impute error to the trial Judge in directing the jury to find a verdict for the defendant; and under Exception 4 error is imputed to the trial Judge in striking, as irrelevant and not stating a cause of action, Paragraph 6 of the amended complaint, quoted above.

The last-named exception, Exception 4, is overruled for the reasons set forth in the order issued by his Honor, Judge G. Dewey Oxner, which order is quoted above. As sustaining this exception, the appellant cites the case of *Sutton v. Continental Casualty Company,* 168 S. C., 372, 374, 167 S. E., 647, and quotes from the syllabus of that case, the following: "Under complaint

charging fraudulent cancellation of health policy, conversations between insurer's agent and insured when obtaining policy held not objectionable under parol evidence rule."

In our opinion, the *Sutton case* does not sustain appellant's position in the case at bar. In the *Sutton case* there was testimony in support of the complaint, tending to show that the insured was ignorant and unable to read and understand the policy in question. In the case at bar the testimony does not tend to show that the insured was unable to read and understand the instrument involved. Furthermore, in the *Sutton case,* the testimony tended to show that the insured's signature to a check, on which release was written, for sick benefits under the health policy, was procured with fraudulent intent; that when the check in question was handed to the insured for his indorsement he was ill and in bed and, because of his physical condition, took no notice of the statement inserted on the back of the check purporting to release the insurance company of all other claims that the insured might then or thereafter have against the insurance company; and the testimony in the *Sutton case*, further, tended to show that the release in question was without consideration, and that his physical condition was taken advantage of in procuring the release. In the course of the trial of the *Sutton case,* there was also testimony introduced which tended to show other wrongful acts by the defendant, not shown in the case at bar. In our opinion, the *Sutton case* does not control the case at bar. We may, further, state that we cannot reverse the case on the other authorities cited by appellant.

As to the question presented under the first, second, and third exceptions, that the trial Judge erred in directing a verdict and in not submitting the case to the jury on the issue as to whether or not the plaintiff was entitled to recover on the total disability clause, we are unable to agree with the appellant and the exceptions raising this question will have to be overruled. As contended by the re-

spondent, the certificate of insurance in question contained a provision, in effect, that when the insured reached the age of sixty years, she would not be entitled to receive anything under the disability provision. It is clearly shown by the record that the insured reached the age of sixty years before becoming disabled and is, therefore, under this provision, not entitled to recover for the alleged disability. It was this provision that influenced the trial Judge in directing a verdict for the defendant and against the plaintiff. We think his Honor's ruling was correct. It is the contention of the appellant that the insurance company waived the provision in question by receiving from the insured the same amount of premium on the policy after the insured became sixty years of age that it received before she became sixty years of age. It is the contention of the respondent that record in the case shows no waiver; that under the terms of the policy contract the insured was entitled to both life and total disability protection, provided her disability occurred before she reached the age of sixty, and she having reached the age of sixty before disability occurred, she cannot recover under the disability provision of the policy. The record supports respondent's contention.

The exceptions are overruled and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES T. S. SEASE and A. L. GASTON concur.