LUCIA PALUMBO *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.

Worcester.    September 24, 1935. — December 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Insurance*, Waiver, Disability.  *Waiver.  Estoppel.  Contract*, Modification.

Where the insurer under a policy of insurance providing for the payment of benefits if the assured should become totally and permanently disabled by disease originating after the issuance of the policy, after paying such benefits for several years, refused to continue on the ground that the assured was not totally and permanently disabled, the insurer was not thereby estopped to contend that the disabling disease originated before the issuance of the policy, the assured not having changed his position as a result of such refusal; nor could the requirement that the disease originate after the issuance of the policy be found to have been waived by such refusal, because the coverage of the policy could not be broadened by waiver.

CONTRACT.    Writ dated November 3, 1934.

The action was tried in the Superior Court before *Donnelly*, J.    There was a verdict for the plaintiff in the sum of $515.    The defendant alleged exceptions.

*L. E. Stockwell*, for the defendant.

*M. J. Rubin*, (*J. C. McDonald* with him,) for the plaintiff.

LUMMUS, J.    This is an action to recover disability benefits provided for by "supplementary contracts" or "riders" attached to two policies of life insurance issued by the defendant in 1927 and 1928.    These provide in substance that upon proof that the insured, while under sixty years of age, has "become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months," the defendant will, during the continuance

of such disability, waive the payment of further premiums and pay to the insured a stipulated monthly income.

The case is here, after a verdict for the plaintiff, upon the exceptions of the defendant. There was evidence for the plaintiff that the insured was in good health until July, 1929, but that ever since he had been totally and permanently disabled by hypertrophic arthritis of the spine. See *Rezendes* v. *Prudential Ins. Co. of America*, 285 Mass. 505; *Prudential Ins. Co. of America* v. *South*, 179 Ga. 653, 98 Am. L. R. 781, and note. There was evidence for the defendant that the insured must have had the disease long before the policies were issued. We need not consider whether the judge was right in his construction of the words "bodily injury or disease occurring and originating after the issuance of said Policy," or in his distinction between an active disease and a condition which, if it should progress sufficiently, might become a disease. See *Leland* v. *United Commercial Travelers of America*, 233 Mass. 558; *Silverstein* v. *Metropolitan Life Ins. Co.* 254 N. Y. 81; *Mutual Life Ins. Co. of New York* v. *Dodge*, 11 Fed. Rep. (2d) 486; *United Commercial Travelers of America* v. *Nicholson*, 9 Fed. Rep. (2d) 7. The reason why we need not consider that, is that the general verdict for the plaintiff does not show whether the jury found that the disabling disease originated before or after the issuance of the policies. They may have found that it antedated the policies, and yet may have found for the plaintiff on the ground that the defendant waived any defence based on the time of origin of the disease.

The issue of waiver arose in this way. After paying to the insured for some years the stipulated monthly income for total and permanent disability, the defendant, on September 6, 1934, wrote to the insured that "the recent medical report does not indicate that you are either totally or permanently disabled and consequently under the terms of the agreement we are not privileged to grant further benefits, and are obliged to restore your policies to premium paying basis." The judge, in his instructions to the jury,

permitted them to find that that letter waived the point that the disabling disease originated before the issuance of the policies. To this the defendant excepted.

There is no ground for contending that the defendant is estopped. The insured did not change his position in reliance upon anything said or done by the defendant. The insured simply ceased to receive payments. *Sheehan* v. *Commercial Travelers Mutual Accident Association of America*, 283 Mass. 543, 551, 552. It is not contended by the plaintiff that the provision of the policy making it incontestable after two years, even if that provision applies to the supplementary contracts in question, has any tendency to bring within the coverage of the policy anything excluded from it by its terms. *Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y. 449. *Apter* v. *Home Life Ins. Co. of New York*, 266 N. Y. 333, 338, 339. *Pacific Mutual Life Ins. Co. of California* v. *Fishback*, 171 Wash. 244. *Scarborough* v. *American National Ins. Co.* 171 N. C. 353.

As to waiver, it has often been held in insurance cases that a refusal to pay, expressly put upon one ground, is a waiver of other valid grounds based on noncompliance with procedural conditions of liability. *Martin* v. *Fishing Ins. Co.* 20 Pick. 389, 396. *Little* v. *Phoenix Ins. Co.* 123 Mass. 380, 388, 389. *Butterworth* v. *Western Assurance Co.* 132 Mass. 489, 492. *Faulkner* v. *Manchester Fire Assurance Co.* 171 Mass. 349, 351. *Fall River* v. *Aetna Ins. Co.* 219 Mass. 454, 458. *Eaton* v. *Globe & Rutgers Fire Ins. Co.* 227 Mass. 354, 364, 365. *Vasaris* v. *National Liberty Ins. Co. of America*, 272 Mass. 62, 66. *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 151. *Jackson & Co. (Inc.)* v. *Great American Indemnity Co.* 282 Mass. 337, 342. Compare *Sheehan* v. *Commercial Travelers Mutual Accident Association of America*, 283 Mass. 543, 552, 553.

But whatever may be the scope of waiver in the law of insurance, it does not extend to the broadening of the coverage, so as to make the policy cover a risk not within its terms. That would require a new contract, and cannot

be accomplished by waiver. *Draper* v. *Oswego County Fire Relief Association,* 190 N. Y. 12, 17, 18. *Gerka* v. *Fidelity & Casualty Co. of New York,* 251 N. Y. 51, 56. *Prudential Ins. Co.* v. *Brookman,* 167 Md. 616, 620, 621, and cases cited. *Massie* v. *Washington Fidelity National Ins. Co.* 153 Miss. 433. *Ridgeway* v. *Modern Woodmen of America,* 98 Kans. 240. Argumentative support for this principle can be found in our own cases. *Eastern Railroad* v. *Relief Fire Ins. Co.* 105 Mass. 570, 578, 579. *Atwood* v. *Caledonian American Ins. Co. of New York,* 206 Mass. 96, and cases cited. Decisions to the effect that the assumption by a liability insurance company of the defence of an action against the insured, bars the insurer from denying coverage in an action upon the policy, in the absence of express stipulation to the contrary (*Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340; *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535), rest either upon the principle that the adjudication in the original action binds the insurer (*Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445) or upon estoppel. *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 472, 473. *Belt Automobile Indemnity Association* v. *Ensley Transfer & Supply Co.* 211 Ala. 84. See also *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1, 5; *Oehme* v. *Johnson,* 181 Minn. 138, 81 Am. L. R. 1308; *Claverie* v. *American Casualty Co. of Reading, Pa.* 76 Fed. Rep. (2d) 570.

Since no waiver could dispense with proof that the disabling disease originated after the issuance of the policies, there was error in submitting the issue of waiver to the jury.

*Exceptions sustained.*