A. G. McCABE ET AL. V. MARYLAND CASUALTY COMPANY.

(Filed 26 February, 1936.)

1. **Insurance R a—Provision in accident policy that person over stipulated age should not be covered thereby held provision limiting liability.**

   A provision in an accident policy that the policy should not cover any person under 18 years of age or over 65 years of age, and that any premium paid to the company for any period not covered by the policy would be returned on request, is a provision limiting liability and not a condition working forfeiture, and where such policy is issued to a person over the specified age, insured's recovery on the policy is limited to a return of premiums paid.

2. **Insurance K a—Provision limiting liability may not be waived, provision working forfeiture may be waived.**

   Where a policy of accident insurance contains a provision limiting insurer's liability under the policy to a return of premiums paid if the person insured is over a stipulated age, knowledge of insurer's local agent that insured was over the stipulated age at the time the policy was issued will not effect a waiver of the provision, the provision being a limitation of liability which may not be waived, and not a condition working a forfeiture, which may be waived.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Moore, Special Judge,* at October Term, 1934, of PASQUOTANK.

Civil action to recover on policy of insurance.

Upon denial of liability and issues joined, the jury returned the following directed verdict:

"1. Did the defendant issue to J. T. McCabe its original policy of insurance, No. MC-108253, as alleged in the complaint? A. 'Yes.'

"2. Did the defendant, through its agents or employees, know that Jos. T. McCabe was over 65 years of age, the name of his wife, and his lack of part of his left arm at the time said policy was issued? A. 'Yes.'

"3. Was the age and date of birth of Dr. J. Lev McCabe, the naming of the latter's wife as beneficiary, her designation as Jos. T. McCabe's wife, and a description of Jos. T. McCabe as in whole and sound condition physically inserted in the application of said policy through mutual mistake of the parties, or the mistake of the draftsman, as alleged in the complaint? A. 'Yes.'

"4. Did the plaintiff's intestate, Jos. T. McCabe, die as a result of bodily injuries effected directly and independently of all other causes through accidental means and sustained while operating and driving an automobile? A. 'Yes.'

19—209

"5. Has the defendant waived paragraph 20 of said policy, designated 'Age Limits of Policy,' and the errors appearing in the application, and is defendant estopped to set up said paragraph and said errors in denial of liability on said policy? A. 'Yes.'

"6. At the time of the issuance of the policy MC-108253, on 25 July, 1929, was J. T. McCabe, deceased, more than 65 years of age? A. 'Yes.'

"7. Is plaintiff's cause of action barred by the statute of limitations? A. 'No.'

"8. In what amount, if anything, is defendant indebted to plaintiff administrator? A. '$5,000, with interest (from) 15 November, 1934.' "

Judgment on the verdict, from which the defendant appeals, assigning errors.

*J. H. LeRoy, Jr., and M. B. Simpson for plaintiff.*
*John H. Hall and McMullan & McMullan for defendant.*

STACY, C. J. Without going into the "mix-up," as indicated by the third issue, whereby the insured was confused with his 36-year-old son in the application, suffice it to say the policy in suit contains the following provision:

"20. Age Limits of Policy: The insurance under this policy shall not cover any person under the age of 18 years nor over the age of 65 years. Any premium paid to the company for any period not covered by this policy will be returned upon request."

With this provision in the face of the policy, plaintiff's recovery is limited to a return of the premiums paid while the insured was over the age of 65 years. *Reinhardt v. Ins. Co.,* 201 N. C., 785, 161 S. E., 528; *Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 566.

The fifth issue undertakes to find that the defendant had waived paragraph 20 of its policy, but the suit is upon the policy as written. *Burton v. Ins. Co.,* 198 N. C., 498, 152 S. E., 396. The stipulation in question is not a condition working a forfeiture, which may be waived, *Mahler v. Ins. Co.,* 205 N. C., 692, 172 S. E., 204; *Horton v. Ins. Co.,* 122 N. C., 498, 29 S. E., 944, but a limitation upon liability. *Foscue v. Ins. Co.,* 196 N. C., 139, 144 S. E., 689; *Lexington v. Indemnity Co.,* 207 N. C., 774, 178 S. E., 547; *Spruill v. Ins. Co.,* 120 N. C., 141, 27 S. E., 39. Its purpose was to protect the defendant against the heedlessness of youth and the debility of age. *McCain v. Ins. Co.,* 190 N. C., 549, 130 S. E., 186; *Moore v. Cas. Co.,* 207 N. C., 433, 177 S. E., 406. Compare *Walls v. Assurance Corp.,* 206 N. C., 903, 173 S. E., 23; *Welch v. Ins. Co.,* 196 N. C., 546, 146 S. E., 216.

New trial.

DEVIN, J., took no part in the consideration or decision of this case.