THOMAS DUNLAP HUNTER v. JEFFERSON STANDARD LIFE
INSURANCE COMPANY.

(Filed 9 March, 1955.)

**Insurance §§ 13c, 34c—Doctrine of waiver applies to forfeiture provisions, but cannot operate to increase the coverage of the policy.**

The policy in suit provided for disability coverage until the anniversary of the policy nearest insured's fifty-fifth birthday, with reduction of the annual premiums after the expiration of the disability coverage. Through error, after the expiration of the disability period, insurer continued to mail insured premium notices without reduction, and insured continued to pay the total premium for four years after he was fifty-five, and became disabled during the period covered by the last payment of premium. *Held:* The doctrine of waiver applies to forfeiture provisions, but cannot be applied to bring within the coverage of the policy risks expressly excluded therefrom, and therefore, insured is entitled to return of the premiums paid for disability after the expiration of the coverage of this risk, but is not entitled to recover disability benefits under the policy.

WINBORNE and JOHNSON, JJ., took no part in the consideration or decision of this case. Also neither BARNHILL, C. J., nor DEVIN, J., took part in the consideration or decision of this case.

APPEAL by defendant from *Patton, Special Judge,* August Term, 1954, of BUNCOMBE.

The defendant, on 2 October, 1935, issued its policy of insurance, No. 557,814, on the life of the plaintiff in which it agreed to pay to the plaintiff's beneficiary, upon his death, the sum of $10,000, and for an extra premium of $49.60 per year it attached a rider to the policy in which it

agreed to waive the annual premiums and pay plaintiff, in case of his becoming totally and permanently disabled, one-half of one per cent of the face amount of the policy, to wit: $50.00 per month for each month of total and permanent disability subsequent to the first six months thereof; provided, such disability occurred prior to the anniversary of the policy on which the insured's age at nearest birthday is fifty-five years. Thereafter, the annual premiums were to be reduced by $49.60.

On 2 October, 1946, according to the terms of the policy, the provisions for the waiver of premiums and the payment of monthly benefits for total and permanent disability expired. However, the defendant company continued to mail to the plaintiff notices for premiums without reducing the yearly amount thereof by $49.60 as provided in said rider. These premiums were collected up to and including the annual premium due 2 October, 1950. Thereafter, on 10 July, 1951, the defendant notified the plaintiff that the disability premium feature of his policy was being removed in accordance with the terms of its policy and that premiums had been reduced accordingly, effective 2 October, 1951.

The plaintiff alleges in his complaint that he became totally and permanently disabled on 14 November, 1950, or soon thereafter; that on 31 July, 1951, he duly notified defendant of his disability and requested the necessary forms for filing due proof of his claim. That thereafter, the company denied liability on the ground that its liability for the payment of such benefits under the terms of its policy expired on 2 October, 1946.

The defendant in its answer denied that the plaintiff is totally and permanently disabled. It admitted that it collected premiums as alleged after 2 October, 1946, through error, and alleged that upon discovery of this error in July 1951, it notified the plaintiff of such error and made tender of $306.51 which included the amount that was paid by the plaintiff on "Total and Permanent Disability" benefits subsequent to 2 October, 1946, and that tender was refused. The tender was renewed in the answer and it is alleged that the amount tendered above was paid into the office of the Clerk of the Superior Court of Buncombe County at the time it filed its answer. The defendant expressly denies liability for any disability which the plaintiff may have that commenced subsequent to 2 October, 1946.

The court submitted the following issues to the jury and they were answered as indicated below:

"1. Has the plaintiff since November 14th 1950 been totally disabled and prevented thereby from engaging in any occupation or employment for remuneration or profit, as alleged in the complaint? Answer: Yes.

"2. Did the defendant by accepting premiums from plaintiff for a period of more than four years after he became 55 years of age waive the termination date for discontinuance of liability under total and permanent disability rider attached to said policy of insurance, and is it estopped thereby to assert the age limitation therein provided? Answer: Yes.

"3. Did the defendant by its acts and conduct in denying liability waive the filing by plaintiff of proof of claim for benefits? Answer: Yes.

"4. What amount, if any, is plaintiff entitled to recover of defendant? Answer: $921.20."

Judgment was entered on the verdict and the defendant appeals, assigning error.

*Lee & Lee for plaintiff, appellee.*

*Smith, Moore, Smith & Pope and Harkins, Van Winkle, Walton & Buck for defendant, appellant.*

DENNY, J. We deem it unnecessary to consider and discuss all the exceptions and assignments of error set forth in the record since, in our opinion, the question which is determinative of this appeal is as follows: Did the defendant by accepting premiums from the plaintiff covering a period of more than four years, after he became 55 years of age, waive the termination date for discontinuance of liability under the provisions of the total and permanent disability rider attached to his policy?

While there is some conflict in the authorities on this question, the greater weight of authority supports the view laid down in Anno.—Insurance—113 A.L.R. 857, *et seq.,* as follows: "It is well settled that conditions going to the coverage or scope of the policy, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action, without an express agreement to that effect supported by a new consideration. This rule may be, as it often is, otherwise stated that the doctrine of waiver may not be applied to bring within the coverage of the policy risks not covered by its terms, or risks expressly excluded therefrom."

It is also said in 29 Am. Jur., Insurance, section 903, page 690, "The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom; and the application of the doctrine in this respect is, therefore, to be distinguished from the waiver of, or estoppel to deny, grounds of forfeiture."

We likewise find in 45 C.J.S., Insurance, section 674, page 616, "As a general rule, the doctrines of waiver or estoppel can have a field of operation only when the subject matter is within the terms of the contract,

and they cannot operate radically to change the terms of the policy so as to cover additional subject matter. Accordingly, it has been held by the weight of authority that waiver or estoppel cannot create a contract of insurance or so apply as to bring within the coverage of the policy property, or a loss or risk, which by the terms of the policy is expressly excepted or otherwise excluded."

In the case of *McCabe v. Casualty Co.,* 209 N.C. 577, 183 S.E. 743, a policy of insurance was issued to Jos. T. McCabe on 25 July, 1929, at which time the insured was over 65 years of age. The policy contained the following provision: "20. Age Limits of Policy: The insurance under this policy shall not cover any person under the age of 18 years nor over the age of 65 years. Any premium paid to the company for any period not covered by this policy will be returned upon request."

The jury found that the defendant had waived the age limitation, but upon appeal to this Court we held otherwise. *Stacy, C. J.,* speaking for the Court, said: ". . . the suit is upon the policy as written. *Burton v. Ins. Co.,* 198 N.C. 498, 152 S.E. 396. The stipulation in question is not a condition working a forfeiture, which may be waived, *Mahler v. Ins. Co.,* 205 N.C. 692, 172 S.E. 204; *Horton v. Ins. Co.,* 122 N.C. 498, 29 S.E. 944, but a limitation upon liability. *Foscue v. Ins. Co.,* 196 N.C. 139, 144 S.E. 689; *Lexington v. Indemnity Co.,* 207 N.C. 774, 178 S.E. 547; *Spruill v. Ins. Co.,* 120 N.C. 141, 27 S.E. 39."

The above view is in accord with numerous decisions from other jurisdictions, among them being *Pothier v. New Amsterdam Cas. Co.* (C.C.A. 4th), 192 F. 2d 425; *Bankers Life Co. v. Sone* (C.C.A. 5th), 86 F. 2d 780; *Barnett v. Travelers' Ins. Co.* (C.C.A. 8th), 32 F. 2d 479; *Kinard v. Mutual Benefit Health & Accident Ass'n.,* 108 F. Supp. 780; *Metropolitan Life Ins. Co. v. Stagg,* 215 Ark. 456, 221 S.W. 2d 29; *Conner v. Union Auto. Ins. Co.,* 122 Cal. App. 105, 9 P. 2d 863; *Railey v. United Life & Accident Ins. Co.,* 26 Ga. App. 269, 106 S.E. 203; *Pierce v. Homesteaders Life Ass'n.,* 223 Iowa 211, 272 N.W. 543; *Ridgeway v. Modern Woodmen,* 98 Kan. 240, 157 P. 1191, L.R.A. 1917A 1062; *Foote Lumber Co. v. Svea F. & L. Ins. Co.,* 179 La. 779, 155 So. 22; *Prudential Ins. Co. of America v. Brookman,* 167 Md. 616, 175 A. 838; *Palumbo v. Metropolitan Life Ins. Co.,* 293 Mass. 35, 199 N.E. 335; *Henne v. Glens Falls Ins. Co.,* 245 Mich. 378, 222 N.W. 731; *Smith v. Aetna Life Ins. Co.,* 58 Ohio App. 412, 16 N.E. 2d 608; *Owens v. Metropolitan Life Ins. Co.,* 178 S.C. 105, 182 S.E. 322; *McLain v. American Glanzstoff Corp.,* 166 Tenn. 1, 57 S.W. 2d 554; *Powell v. American Casualty & Life Co.* (Court of Civ. App. of Tex.), 250 S.W. 2d 744; *Carew, Shaw & Bernasconi v. General Casualty Co.,* 189 Wash. 329, 65 P. 2d 689, and *Two Rivers Dredge & Dock Co. v. Maryland Casualty Co.,* 168 Wis. 96, 169 N.W. 291.

Each of the decisions of this Court cited and relied upon by the appellee, except the case of *Pearson v. Pearson, Inc.*, 222 N.C. 69, 21 S.E. 2d 879, which is not controlling on the question before us, involved the question of forfeiture which we have repeatedly held may be waived.

While the plaintiff is entitled to the return of the premiums paid for disability coverage since 2 October, 1946, on his pleadings as cast, the motion for judgment as of nonsuit, interposed by the defendant in the trial below, should have been sustained.

The judgment of the court below is

Reversed.

WINBORNE and JOHNSON, JJ., took no part in the consideration or decision of this case. Also neither BARNHILL, C. J., nor DEVIN, J., took part in the consideration or decision of this case.