Hallows, J.
 

 Most of the material facts are not in dispute. The plaintiff, a woman sixty-two years of age,
 
 *541
 
 entered the defendant’s store in Shorewood, Wisconsin, to purchase birthday cards. After entering the store at the east entrance the plaintiff proceeded west about 12 feet and then walked south to the greeting-card rack, or counter, which extended from the southeast corner of the store about 12 feet along the south wall. Against the east wall of the store and two and one half to three feet north of the card rack was a horoscope scale with a standard about five feet high and with a platform six to eight inches above the floor extending about two feet west from the wall. The scale was at the end of the east-west aisle, so that the customers coming east in the aisle would be facing it. No merchandise was displayed along the east wall north of the scale. The distance from the card rack north along the east wall to the exit was about 12 feet. There was a railing at this location to prevent people from using the area north of the scale to get to the exit.
 

 As the plaintiff approached the card rack another customer was standing in front of the birthday-card section at the east end of the rack where she intended to go. The plaintiff spent five to eight minutes looking at other cards and waiting for this customer to leave. When the customer left, the plaintiff proceeded along the card rack to the southeast corner. While she was facing south examining birthday cards, another patron approached from the west who, by her demeanor, indicated a desire to examine the cards in front of the plaintiff. The plaintiff decided to leave the area and as she turned to the north to get around this customer, her foot caught on the platform of the scale. She was thrown across the base of the scale and suffered injuries to her left leg and foot. At the time the plaintiff was examining the birthday cards with her back to the scale she was about one foot from the counter. There was some testimony that the plaintiff was in a hurry to get out of the store, and there was nothing to prevent the plaintiff from seeing the scale.
 
 *542
 
 However, she did not see the scale. The plaintiff testified that immediately after her fall the manager of the defendant’s store helped her to her feet and to a chair, and then braced himself against the card rack and pushed the scale with both his feet along the east wall farther to the north from the card rack. This was denied by the defendant’s store manager. The testimony shows the scale was placed where it was because the architect located an electrical outlet for the scale there in the store plans, and the position of the scale at the end of the aisle against the wall was normal for that type of store.
 

 The question presented is whether the trial court committed error in holding as a matter of law that the defendant did not violate the safe-place statute, sec. 101.06. In dismissing the complaint, the trial court relied on
 
 Prehn v. C. Niss & Sons, Inc.
 
 (1939), 233 Wis. 155, 288 N. W. 736, and
 
 Klein v. Montgomery Ward & Co.
 
 (1953), 263 Wis. 317, 57 N. W. (2d) 188. In the
 
 Prehn Case,
 
 recovery under the safe-place statute was denied to the plaintiff when she stumbled over a lecture platform on which were a desk and a microphone and which was practically four and one-half feet square and some eight inches above the floor. The plaintiff had attended the lecture and was seated not more than 10 feet from the platform. There was no other furniture or articles displayed nearer than four feet from the platform. The court reasoned that the plaintiff must have been aware of the presence of the platform. We do not consider that the
 
 Prehn Case
 
 is controlling. There is no evidence here that the plaintiff saw the scale or was aware of its presence, or necessarily must have or ought to have seen the scale. A person is not bound as a matter of law to see absolutely every defect or danger in his pathway which is plainly observable nor to remember the existence of every defect or hazard of which he has knowledge, especially when his attention is attracted by the display of merchandise
 
 *543
 
 in a store. The customer’s attention in a store may be primarily focused on seeking and examining merchandise and considering the purchase thereof. A customer is only required to act as a reasonably prudent person under the circumstances. In the
 
 Klein Case,
 
 the plaintiff stumbled over wire laid out on the floor by a sales person for the inspection of a customer. A safe passageway around the wire was available to the plaintiff who deliberately chose to walk across the wire. That is not the fact here.
 

 True, a store owner or one conducting a business is not an insurer of the customer’s safety.
 
 Powless v. Milwaukee County
 
 (1959), 6 Wis. (2d) 78, 94 N. W. (2d) 187;
 
 Paluch v. Baldwin Plywood & Veneer Co.
 
 (1957), 1 Wis. (2d) 427, 85 N. W. (2d) 373;
 
 Boutin v. Cardinal Theatre Co.
 
 (1954), 267 Wis. 199, 64 N. W. (2d) 848. However, the safe-place statute, sec. 101.06, while not creating a cause of action, does establish a higher standard of care than ordinary negligence at common law, the violation of which standard constitutes negligence.
 
 Ermis v. Federal Windows Mfg. Co.
 
 (1959), 7 Wis. (2d) 549, 97 N. W. (2d) 485;
 
 Krause v. Veterans of Foreign Wars Post No. 6498
 
 (1960), 9 Wis. (2d) 547, 101 N. W. (2d) 645;
 
 Mullen v. Reischl
 
 (1960), 10 Wis. (2d) 297, 103 N. W. (2d) 49.
 

 In the
 
 Powless Case, supra,
 
 we pointed out that the duty under the statute is to provide a safe place for frequenters, but the duty was not absolute and the term “safe” was relative. What amounts to a safe place depends on the facts and conditions of each case. The statute provides that every employer shall adopt and use methods and processes reasonably adequate to render the premises safe and shall do every other thing reasonably necessary to protect the safety of frequenters. Did the position of the scale two and one half to three feet from the card counter provide a place for the customers which was as safe as the nature of the business and the building would reasonably permit? There
 
 *544
 
 is no evidence to show that the scale could not have been placed farther to the north to allow more room in the aisle for the customers patronizing the east end of the card section. The defendant argues that the nature of the variety-store business required placing this scale where it was in order to attract the attention of the customers coming down the aisle. The display of merchandise to attract the attention of customers is part of a merchant’s business, but there is no proof in the record that this purpose could only be achieved by positioning the scale approximately in the center of the aisle, leaving only two and one half to three feet between it and the card rack rather than placing the scale farther to the north.
 

 The instant case is more like
 
 Blong v. Ed. Schuster & Co.
 
 (1956), 274 Wis. 237, 79 N. W. (2d) 820, wherein the court said it could not hold as a matter of law that the placing of curtain racks in rows so as to leave an aisle only three feet wide into which the feet of the racks projected approximately 11 inches on each side, was not a violation of the safe-place statute. Generally the question of whether the safe-place statute is complied with or violated is a question for the jury.
 
 Heiden v. Milwaukee
 
 (1937), 226 Wis. 92, 275 N. W. 922. We cannot say as a matter of law that the placing of the scale with a platform two feet long and six to eight inches above the floor within two and one half or three feet from the greeting-card counter and leaving a clearance of two and one half to three feet in front of the greeting-card section where customers were expected to go, was maintaining the premises in as safe a condition as the nature of the defendant’s business will reasonably permit. A jury question was presented. Fair-minded men might draw different inferences as to the safety of the position of the scale.
 

 The defendant argues that the failure of the plaintiff to see the scale and the fact that she was in a hurry were the
 
 *545
 
 principal causes of the accident. The jury considered the plaintiffs negligence contributed only 20 per cent to the accident. We have many times said the apportionment of negligence is peculiarly within the province of the jury and only in exceptional cases will such apportionment be disturbed on appeal. True, in the
 
 Powless Case, supra,
 
 we held the plaintiffs negligence was equal to or greater than that of the defendant, and in the
 
 Paluch Case, supra,
 
 we stated the plaintiffs negligence could be equal to the defendant’s negligence. But, on the facts presented in this case, we cannot hold as a matter of law that the plaintiff was guilty of such a degree of negligence. The jury’s verdict should stand in its entirety.
 

 By the Court.
 
 — Judgment reversed, with directions to enter judgment on the verdict in favor of the plaintiff.
 

 Martin, C. J., and Broadfoot and Currie, JJ., dissent.