TEMPIE J. CURRIE, Administratrix of LOIS L. CURRIE, Deceased v. OCCIDENTAL LIFE INSURANCE COMPANY OF NORTH CAROLINA and GENERAL MOTORS ACCEPTANCE CORPORATION

No. 7318DC27

(Filed 28 February 1973)

Insurance § 8— age limitation in life policy — requisites for waiver by insurer

    Where terms of an insurance policy expressly provided that no insurance took effect unless the named insured was less than 66 years of age on the policy's effective date, the named insured who was 67 years of age obtained no coverage under the policy in question even though defendant insurer knew plaintiff's age at the time of application and accepted the first premium from plaintiff since age limitations in life insurance policies cannot be waived by insurer without a specific agreement to that effect supported by a new consideration.

---

Currie v. Insurance Co.

---

APPEAL by defendant from *Kuykendall, District Judge,* 10 July 1972 Session of District Court held in GUILFORD County.

Action to recover on credit life insurance policy issued on the life of plaintiff's intestate as security for an installment loan with General Motors Acceptance Corporation. The policy was issued with an effective date of 7 May 1971. On that date the insured, Lois L. Currie, was 67 years of age. This fact was made known to the issuing agent and he entered "67" in a space provided for "Insured's age" on the first page of the policy. The premium was paid and received by defendant. The insured died on 15 July 1971. Defendant tendered a refund of the premium but refused to pay the proceeds of the policy, contending that no insurance became effective under the policy because of a provision therein that "NO INSURANCE SHALL TAKE EFFECT UNDER THIS POLICY UNLESS ON THE EFFECTIVE DATE . . . YOU [THE INSURED] ARE SIXTEEN, BUT LESS THAN SIXTY-SIX YEARS OF AGE."

The case was tried before the court without a jury on a statement of stipulated facts. The court entered judgment in which it found the facts to be as stipulated, reviewed various legal precedents, and concluded, among other things, that: (1) since the insured's age appears on the first page of the policy, defendant knew, or should have known, that plaintiff was making application for a void policy and defendant's agent should not have written the policy; (2) having accepted the premium, defendant cannot now be allowed to say that it did not know the facts appearing on the face of the policy or that it accepted the premium expecting that it would never have to pay the policy proceeds; (3) equities strongly indicate a judgment for plaintiff; and (4) notwithstanding previous Supreme Court conflicting opinions, plaintiff should recover the proceeds due under the policy. Based upon these conclusions, it was adjudged and decreed that plaintiff recover $2,983.68 with interest and costs.

*Douglas, Ravenel, Hardy & Crihfield by John W. Hardy for plaintiff appellee.*

*Smith, Anderson, Blount & Mitchell by John L. Jernigan for defendant appellant.*

GRAHAM, Judge.

"While waiver and estoppel have been held applicable to nearly every area in which an insurer may deny liability, the

courts of most jurisdictions agree that these concepts are not available to broaden the coverage of a policy so as to protect the insured against risks not included therein or expressly excluded therefrom." Annot., 1 A.L.R. 3rd 1139, § 2, p. 1144 (1965). Accord, *Hunter v. Insurance Co.*, 241 N.C. 593, 86 S.E. 2d 78; *McCabe v. Casualty Co.*, 209 N.C. 577, 183 S.E. 743.

The essential question presented on this appeal is whether the age limitation provided in the policy is a matter which could be waived by the defendant company without a specific agreement to that effect supported by a new consideration. The cases of *Hunter v. Insurance Co., supra,* and *McCabe v. Casualty Co., supra,* compel us to answer in the negative and reverse the judgment.

In *McCabe,* the insurance policy in question provided that the insurance "shall not cover any person under the age of 18 years nor over the age of 65 years." The named insured in the policy was over 65 years of age when the policy was issued. The jury found that the company, through its agents, knew the insured's age at the time the policy was issued and therefore waived the provision in the policy relating to age. In reversing judgment for plaintiff entered upon the jury verdict, the Supreme Court held that the provision in question was not a condition working a forfeiture, which could be waived, but was a limitation upon liability inserted in the policy to protect the insurance company "against the heedlessness of youth and the debility of age."

In *Hunter,* the company continued to receive full premiums more than four years after the insured became 55 years of age. The policy provided for disability coverage until the anniversary of the policy nearest insured's 55th birthday, with reduction of the annual premiums after the expiration of the disability coverage. The insured became disabled during the period covered by the last payment of premium. The trial court awarded disability benefits upon the jury's finding that the company waived the termination date for disability insurance by accepting premiums for more than four years after that date. The Supreme Court reversed, holding that the doctrines of waiver and estoppel are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. In the opinion by Justice Denny (later Chief Justice), it is stated:

"While there is some conflict in the authorities on this question, the greater weight of authority supports the

view laid down in Anno.—Insurance—113 A.L.R. 857, *et seq.*, as follows: 'It is well settled that conditions going to the coverage or scope of the policy, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action, without an express agreement to that effect supported by a new consideration. This rule may be, as it often is, otherwise stated that the doctrine of waiver may not be applied to bring within the coverage of the policy risks not covered by its terms, or risks expressly excluded therefrom.' "

The North Carolina position that age limitations in a life insurance policy are matters of coverage and are not subject to the doctrines of waiver and estoppel finds support in other jurisdictions. *Pierce v. Homesteaders Assn.*, 223 Iowa 211, 272 N.W. 543; *Prudential Ins. Co. v. Brookman*, 167 Md. 616, 175 A. 838; *Great American Reserve Insurance Co. v. Mitchell*, 335 S.W. 2d 707, (Tex. Civ. App. 1960). Contra: *Travelers Insurance Co. v. Eviston*, 110 Ind. App. 143, 37 N.E. 2d 310.

Under the express provisions of the policy here in question, no insurance took effect unless the named insured was less than 66 years of age on the policy's effective date. Since the named insured was 67 years of age, she obtained no insurance coverage under the insurance policy and her administratrix is entitled to a return of the premiums paid.

Reversed.

Judges CAMPBELL and BROCK concur.