LINDA F. WALKER, ADMINISTRATRIX OF THE ESTATE OF CURTIS WARREN WALKER, DECEASED, AND GUARDIAN *AD LITEM* FOR CURTIS DARRELL WALKER, A MINOR CHILD v. DURHAM LIFE INSURANCE COMPANY

No. 8718SC964

(Filed 17 May 1988)

1. Insurance § 13— life insurance through employer—decedent not eligible person as defined by policy

The trial court correctly entered summary judgment for defendant in an action seeking payment under a life insurance policy providing coverage through decedent's employer where all of the evidence of both parties tends to show that decedent was last "at work" at his usual and customary place of employment performing his usual and customary duties of employment on Saturday, 28 September 1985, two days prior to the date the group life insurance policy could have become effective as to him.

2. Insurance § 13— life insurance—waiver of eligibility requirements—matter of coverage rather than exclusion—summary judgment proper

In an action seeking payment on a life insurance policy in which summary judgment was granted for defendant, whether defendant waived 90-day employment and eligible person requirements as to the effective coverage date was irrelevant in light of plaintiff's failure to produce a forecast of evidence of coverage. Whether decedent was an eligible person under the policy was a matter of coverage and not a matter of exclusion or exception, so that waiver could not be by implication from conduct or action without an express agreement supported by new consideration, and there was no evidence that the effective coverage date was other than 1 October 1985.

APPEAL by plaintiff from *Collier (Robert A., Jr.), Judge.* Judgment entered 25 August 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 March 1988.

Plaintiff filed this claim as administratrix of the estate of Curtis Warren Walker (herein decedent) and as guardian *ad litem*

for decedent's minor child, Curtis Darrell Walker, seeking payment of $20,000.00 under a certificate of insurance issued to decedent pursuant to defendant's group insurance policy providing coverage to employees of decedent's employer, Team Contractors, Inc. Defendant filed its answer denying the material allegations of the complaint and alleging by way of defense that defendant was not "at work" on the designated effective date of the certificate nor did he return to work thereafter as required by the policy and that defendant was not an "eligible person" within the terms of the policy because he was not an "active full time employee" at the time of his death. Thereafter, defendant moved the trial court for summary judgment. On 25 August 1987, the trial court entered summary judgment in favor of defendant. Plaintiff appeals.

*Hunter, Hodgman, Greene, Donaldson, Cooke and Elam, by Robert N. Hunter, Jr., for plaintiff-appellant.*

*Brooks, Pierce, McLendon, Humphrey and Leonard, by Reid L. Phillips and Jill R. Wilson, for defendant-appellee.*

PARKER, Judge.

In this appeal, plaintiff makes three arguments to support her contention that the trial court erred in ordering that summary judgment be entered in favor of defendant: that decedent was "at work" within the meaning of the policy on the effective date of the certificate and thereafter; that decedent was an "eligible person" as defined by the policy; and that the parties' forecast of evidence raises an issue of fact as to defendant's waiver of policy provisions. We affirm the judgment of the trial court.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The party moving for summary judgment has the burden of establishing the lack of any triable issue of fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.,* 313 N.C. 488, 491, 329 S.E. 2d 350, 353 (1985). Movant may meet this burden by showing that the opposing party either cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense that would bar the claim. *Dickens v. Puryear,* 302 N.C. 437, 453, 276 S.E. 2d 325, 335 (1981).

Once the movant shows that no genuine issues of fact exist, the burden shifts to the nonmovant to set forth specific facts showing that genuine issues of fact remain for trial. *Little v. National Service Industries, Inc.,* 79 N.C. App. 688, 690, 340 S.E. 2d 510, 512 (1986).

[1] The general rule in North Carolina is that the burden of proving coverage under a policy of insurance is on the party claiming benefits under the policy, but the burden of showing an exclusion or exception to policy coverage is on the insurer. *Brevard v. Insurance Co.,* 262 N.C. 458, 461, 137 S.E. 2d 837, 839 (1964); *Reliance Ins. Co. v. Morrison,* 59 N.C. App. 524, 525, 297 S.E. 2d 187, 188 (1982). A person claiming benefits under a group policy has the burden of proving that the employee insured thereunder was, at the time the loss occurred, an employee insured under the policy. *See* 44 Am. Jur. 2d *Insurance* § 1935 (1982); Annot., 68 A.L.R. 2d 8, 145-146 (1959) and cases cited therein. Likewise, where a policy requires that the insured be "at work" on the effective date of the policy, the issue is one of coverage, and claimant bears the burden of proof.

In the case before us, the policy at issue provided the following:

SECTION—EFFECTIVE DATES OF INSURANCE

The effective date for you is the date shown on the Coverage Card but only if you were at work on that date with your participating employer. If not then at work, your effective date will be the date on which you resume full time work.

The decedent's coverage card stated that the effective date of decedent's insurance under the certificate was 1 October 1985. In his deposition, Douglas A. Breda, the president and manager of decedent's employer, Team Contractors, Inc., an asphalt paving contracting company, stated that decedent was hired in the summer of 1985 as a general superintendent in charge of the daily scheduling of work crews, the planning and scheduling of future jobs, the contacting of inspection agencies where inspection of a job was necessary, and the monitoring of work progress. One of decedent's tasks as general superintendent was to fill out daily crew assignment sheets that recorded, on each particular day, the location and work done by the work crews and noted which em-

ployees were absent, the reason for their absence, and whether they had called in. Breda stated that the last crew assignment sheet filled out in decedent's handwriting was dated Saturday, 28 September 1985. On the crew assignment sheet for Monday, 30 September 1985, decedent was listed as "absent" and in the space marked "reason" was a question mark. The sheet contained a notation that decedent had not called in. The crew assignment sheet for Tuesday, 1 October 1985, also notes that decedent was absent and did not call in. The crew assignment sheets for Wednesday, 2 October 1985, Thursday, 3 October 1985, and Friday, 4 October 1985, indicate that no work was done on those days because of rain. Breda stated that the last day that decedent was present at work was Saturday, 28 September 1985, and that he did not believe that decedent was ever on the premises of Team Contractors, Inc., at any time subsequent to that date.

The record also contains a letter, dated 4 October 1985, addressed to decedent and signed by Breda as president of Team Contractors, Inc., stating the following in relevant part:

> Enclosed you will find your wages through the end of this week (W/E 10-5-85). I regret that it has come to the point of your termination, but your problem with drinking is interfering with your ability to perform on the job and your dependability has deteriorated to the point of not even calling in when you were not coming to work.
>
> Curtis, as you know the last time you were out from July 5th to September 3rd due to this drinking problem. Although Team Contractors, Inc. was not officially formed if you had been available for work you would have been paid for your efforts. After your return to work on September 3rd it was approximately two (2) weeks later that you started coming to work later than usual and I started to notice the smell of liquor about you especially the week of September 23rd to *your last day of September 28th.* I am not the only one that could tell this. The work force that you supervised could also bear witness to your condition. In this condition, drinking both on and off the job, could have serious repercussions.

(Emphasis added.)

The meaning of the policy term "at work" is not defined in the policy, and our research discloses no North Carolina case specifically interpreting such a policy term. Therefore, we rely on general principles of construction to determine whether decedent was "at work" on 1 October 1985, the effective date of decedent's life insurance certificate.

In the construction of a policy of insurance, nontechnical words that are not defined in the policy must be given the same meaning they usually receive in ordinary speech, unless the context requires otherwise. *Grant v. Insurance Co.*, 295 N.C. 39, 42, 243 S.E. 2d 894, 897 (1978); *Trust Co. v. Insurance Co.*, 276 N.C. 348, 354, 172 S.E. 2d 518, 522 (1970). The phrase "at work" connotes both being at a particular place, the usual and customary place where one is employed, as well as performing particular tasks, the usual and customary duties that one is employed to perform.

In their briefs, both parties cite cases from other jurisdictions interpreting policy terms similar to the phrase "at work." In *Rabinovitz v. Travelers Ins. Co.*, 11 Wis. 2d 545, 105 N.W. 2d 807 (1960), the group life insurance policy at issue provided the following:

> [N]o employee who is not actively at work performing all of the duties of his employment with the employer member at his customary place of employment on the date his insurance is to become effective shall be insured until he returns to active work and the performance of all such duties.

*Id.* at 547, 105 N.W. 2d at 809. The Supreme Court of Wisconsin held that summary judgment for the insurer was proper where, on the effective date of decedent's certificate, decedent was in the hospital, and he remained there until his death. *Id.* at 553, 105 N.W. 2d at 812. The court based its decision on the plain and unambiguous language of the policy as well as the purpose of the "at work" clause, "to provide a test to determine the reasonably good health of an employee and to exclude an employee in such a poor state of health that he cannot fully perform all his duties at his customary place of employment on the date the policy is to become effective as to him." *Id.* at 551, 105 N.W. 2d at 811. *See also Smillie v. Travelers Ins. Co.*, 102 Mich. App. 780, 302 N.W. 2d 258 (1980) (plaintiff held not entitled to increased coverage where

policy required decedent to be "actively at work" on effective date of coverage and decedent was in the hospital on effective date up to his death). However, in *Lincoln Life v. Comm. Container*, 229 Va. 132, 327 S.E. 2d 98 (1985), the Supreme Court of Virginia, finding the phrase "actively at work" to be patently ambiguous and uncertain, held that the insured decedent was "actively at work" on the effective date of his group life insurance certificate where he had performed some of his customary and usual business duties while he was terminally ill in the hospital.

In the case before us, plaintiff has failed to produce a forecast of any evidence that decedent was "at work" on the effective date of the insurance certificate, 1 October 1985, or at any time thereafter. All of the evidence of both parties tends to show that decedent was last "at work," at his usual and customary place of employment performing his usual and customary duties of employment, on Saturday, 28 September 1985, two days prior to the date the group insurance policy could have become effective as to him. Therefore, the trial court correctly entered summary judgment in defendant's favor because plaintiff could not produce evidence supporting an essential element of her claim, coverage under the policy issued by defendant.

Because plaintiff has failed to offer a forecast of evidence supporting decedent's coverage under the policy, we find it unnecessary to address the issue of whether decedent was an "eligible person" entitled to coverage under the terms of the policy.

[2]   As a final matter, plaintiff contends that there are genuine issues of fact for trial as to whether defendant waived its ninety-day employment and "eligible person" requirements and as to the effective coverage date of decedent's policy. These contentions are meritless.

As we stated above, the "eligible person" requirement is irrelevant in light of plaintiff's failure to produce a forecast of evidence as to coverage. Furthermore, the issue of whether decedent was an "eligible person" under the policy, like the issue of whether decedent was "at work" on the effective date of the policy, is a matter of coverage and not a matter of exclusion or exception. Our Supreme Court has stated,

Walker v. Durham Life Ins. Co.

"It is well settled that conditions going to the coverage or scope of the policy, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action, without an express agreement to that effect supported by a new consideration. This rule may be, as it often is, otherwise stated that the doctrine of waiver may not be applied to bring within the coverage of the policy risks not covered by its terms, or risks expressly excluded therefrom."

*Hunter v. Insurance Co.*, 241 N.C. 593, 595, 86 S.E. 2d 78, 80 (1955) (quoting Annot., 113 A.L.R. 857 (1938) ). *Accord McCabe v. Casualty Co.*, 209 N.C. 577, 183 S.E. 743 (1936); *Currie v. Insurance Co.*, 17 N.C. App. 458, 194 S.E. 2d 642 (1973).

Moreover, although there is some evidence in the record that Breda, as president and manager of Team Contractors, Inc., requested that defendant waive the ninety-day waiting period required before coverage would begin for decedent, there is no evidence whatsoever that the effective coverage date of decedent's group insurance was other than 1 October 1985. In fact, the 1 October 1985 effective date is consistent with a waiver of the ninety-day waiting period in light of the deposition testimony of Janet L. Breda, corporate secretary of Team Contractors, Inc., that the first week decedent worked for Team Contractors, Inc., was the week ending on 29 August 1985.

For the reasons stated herein, the summary judgment entered in favor of defendant is

Affirmed.

Judges ARNOLD and BECTON concur.