L. H. WALL, ADMINISTRATOR OF THE ESTATE OF GENEVA E. WALL, DECEASED v. DIAMOND STATE LIFE INSURANCE COMPANY, A CORPORATION AND FAMILY FINANCE AND ACCEPTANCE COR- PORATION OF WINSTON-SALEM, N. C.

No. 7025DC346

(Filed 5 August 1970)

Insurance §§ 18, 64— accident and life policy — incontestability clause — age exclusion clause

A provision in a life and accident indemnity policy that the policy shall not cover any person over sixty-five years of age controls over another policy provision that any misstatement in the application of the policy shall become incontestable by the company after one year from date of issue; consequently, where a 72-year-old insured misstated her age as 52 years, recovery under the policy was limited to the return of premiums paid.

APPEAL by plaintiff from *Whitener, District Judge,* 2 February 1970 Session, CALDWELL District Court.

This case was heard by the trial judge upon an agreed statement of facts which, except as the same may have been incorporated in the judge's findings of fact, was not brought forward in the record on appeal. The pertinent facts as they appear in the judgment and in the policy in question may be stated as follows: On 6 October 1967 Diamond State Life Insurance Company, hereinafter called Insurance Company, issued a policy providing accident and health indemnity and life insurance for Geneva E. Wall, hereinafter referred to as the insured. The premium for the full twenty-five month term of the policy was paid. Family Finance and Acceptance Corporation of Winston-Salem, hereinafter called Finance Company, procured the policy and was named first beneficiary to the extent of any indebtedness owed it by the insured. The Finance Company acted as agent for the Insurance Company in procuring the policy which it required before making the loan to insured. The insured's age was misstated in that it was stated in the policy to be 52 when, in fact, it was 72. The insured died on 18 November 1968. More than one year after the issuance of the policy, the insurance company denied the claim for the face value of the policy and tendered the amount of the premium paid by the insured. The second beneficiary having predeceased the insured, the administrator of the insured's estate instituted this action to

recover $747.91, the amount alleged to be due upon the death of the insured.

The two provisions of the policy which are relevant here are as follows:

"TIME LIMIT ON CERTAIN DEFENSES: (a) After one year from the date of issue of this Policy, no misstatements made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability (as defined in the policy) commencing after expiration of such one-year period. (b) No claim for loss incurred or disability (as defined in the policy) commencing after one year from the date of issue of this Policy shall be reduced or denied on the ground a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this Policy."

\* \* \*

"AGE LIMIT: The Insurance in this Policy shall not cover any person over sixty-five years of age. Should the sixty-sixth birthday fall within a period for which the premium is accepted by the Company or, if the Company accepts the premium after such date, coverage provided by this Policy shall continue in force subject to any right of cancellation to the end of such period for which the premium has been accepted. In the event the age of the Insured has been misstated and if, according to the correct age of the Insured, the coverage provided by the Policy would have become effective, or would have ceased prior to the acceptance of such premium or premiums, then the liability of the Company shall be limited to the refund, on request, of all premiums paid for the period not covered by the policy."

The trial judge made the following conclusions of law, among others:

"3. That the incontestable clause does not preclude defendant from asserting the limitation on benefits payable under the policy due to the age of the insured.

4. That the insured being over sixty-five years of age was, according to the terms of the policy, uninsurable on the date the policy was issued.

\* \* \*

6. That with the provision relating to age in the policy of insurance herein, plaintiff's recovery is limited to a return of the premiums paid while the insured was over the age of sixty-five years.

"7. That the plaintiff is entitled to recover of defendant the sum of $52.97."

The court had previously sustained a demurrer filed by the Finance Company on the ground that no cause of action was stated against that defendant. From the judgment sustaining the demurrer and from the judgment denying recovery against the Insurance Company except for the sum representing the amount of premiums paid, plaintiff appealed.

*L. H. Wall for plaintiff appellant.*

*Wilson and Palmer by Hugh M. Wilson for defendant appellees.*

VAUGHN, J.

The only real question presented by the appeal is whether the provisions of the policy contained in the "AGE LIMIT" clause are rendered inoperative by the provisions contained in the "TIME LIMIT ON CERTAIN DEFENSES" clause. To this question our answer is no.

Where a policy provides that in the event of misrepresentation as to age, the contract will be adjusted so as to pay the amount actually due under the insured's correct age. It is generally held that this provision relates not to the efficacy of the contract, but to the benefits due, and is not affected by the incontestable clause. 1 Appleman, Insurance Law and Practice, Sec. 334, p. 606; 43 Am. Jur. 2d, Insurance, § 1169; Annot., 135 A.L.R. 445. It is our opinion that the age limit clause in the policy in question should, for similar reasons, be given effect. "With this provision in the face of the policy, plaintiff's recovery is limited to a return of the premiums paid while the insured was over the age of 65 years." *McCabe v. Casualty Co.,* 209 N.C. 577, 183 S.E. 743. The "AGE LIMIT" clause in the policy is almost identical to G.S. 58-259.1 which requires the same result as to all policies to which it is applicable.

We have carefully considered all of the assignments of error brought forward and argued by plaintiff as to each defendant. The judgments, as to each defendant, are affirmed.

Affirmed.

CAMPBELL and BRITT, JJ., concur.