C. K. STUART, ELIZABETH R. STUART, LAURA R. STUART, SAMMY S. SELL AND GEORGE H. SHELBY v. UNITED STATES FIRE INSURANCE COMPANY

No. 7320DC298

(Filed 27 June 1973)

1. **Insurance § 128— fire insurance — condition of occupancy of premises — waiver**

    In an action to recover on a fire insurance policy for the total loss by fire of a barn and contents owned by the plaintiffs, the trial court erred in granting defendant's motion to dismiss where the evidence tended to show that the premises had been insured by defendant for ten years, that immediately prior to the issuance of the standard three year policy which preceded the policy upon which suit was brought, the agent of defendant was notified in writing that no one was living on the premises and that it was being looked after by a caretaker who lived a few miles away, that renewal policies containing the condition of occupancy of the premises were subsequently issued without further notice from plaintiffs or investigation by defendant, and that premiums due defendant had been paid.

2. **Insurance § 128— fire insurance — waiver and estoppel — failure to plead — consideration by court**

    Waiver and estoppel were proper elements for consideration by the court in an action on an insurance policy, though they were not specifically pleaded, where the case was tried on the theory that defendant had accepted premiums with knowledge of the non-occupancy of the premises and the letter specifically setting out the notice of such non-occupancy was admitted in evidence without objection. G.S. 1A-1, Rule 8(c).

APPEAL by plaintiffs from *Mills, Judge,* 11 December 1972 Session of District Court held in RICHMOND County.

This is an action to recover on a fire insurance policy for the total loss by fire of a barn and contents owned by the plaintiffs. Defendant refused to make payment giving as its reason that the dwelling upon the premises was vacant and unoccupied for a period in excess of sixty consecutive days and the hazard was increased in violation of the terms of the policy.

The case was heard by the court without a jury.

Upon trial the parties stipulated that George Shelby was the agent of the plaintiffs who owned the premises in question and as such on 5 August 1967 wrote a letter to United Insur-

ance Agency, the authorized agent which issued the insurance policy for the defendant, which letter read as follows:

> "2019 Chatham Avenue
> Charlotte, N. C. 28205
> August 5, 1967
>
> United Insurance Agency
> Carthage, N. C. 28327
>
> Gentlemen:
>
> Enclosing check in the amount of $135.00 covering United States Fire Insurance Company Policy No. 86 72 88 due August 27, 1967, your invoice No. 742591.
>
> Please change the name from Anna S. Shelby to George H. Shelby, Agent, Guy Stuart Farm. Mrs. Shelby passed away on April 22, 1967.
>
> As you know there is no one living on the premises, we have a care taker that lives a few miles from the farm.
>
> Very truly yours,
> George H. Shelby"

This letter was received and is on file with United Insurance Agency. It was further stipulated that the fair market value of the barn was in excess of the $5,000.00 coverage of the policy, that all premiums on the policy had been paid at the time of the fire, and that the dwelling house on the premises had been unoccupied for a period in excess of sixty days next preceding the destruction of the barn by fire.

The evidence of the plaintiffs, consisting of the testimony of George Shelby and James Leak, caretaker of the premises, the agreed stipulations and the pleadings, was substantially as follows:

The barn and contents—largely sawed timber and electrical equipment—were destroyed by fire on 1 March 1972. The barn had been constructed in 1947 for storage and had been continuously used for storage since that time. When Shelby came into possession of the premises, he wrote the letter of 5 August 1967 to United Insurance Agency, which was admitted in evidence, advising that there was no one living on the premises and a caretaker who lived a few miles from the farm looked after it. Insurance had been carried on the property with the

same company for at least ten years and all premiums had been paid. The contents of the barn were valued at between $1,100.00 and $1,200.00.

The insurance policy in question was issued to plaintiffs by United Insurance Agency on behalf of the defendant and covered a period from 27 August 1970 to 27 August 1973. It was a renewal policy replacing one issued by the same company covering the same premises for a period from 27 August 1967 to 27 August 1970. The renewal policy provided the following insurance:

"1. $3,000.00 On the frame app. roof owner Dwg. Sit. 3 mi. S/W of Jackson Springs on E/S Hoffman Rd. Richmond County, N. C.

2. $2,500.00 On concrete block app. roof dwg.

3. $5,000.00 On brick metal roof 2 story barn located 250′ southwest item 1.

4. $1,000.00 Machinery, etc., contained in item 3."

and contained the provision:

"Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; or (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days."

At the close of evidence for the plaintiffs the defendant moved for dismissal under Rule 41(b) of the Rules of Civil Procedure.

The court, hearing the case without a jury, found all the facts to be true according to the evidence submitted by plaintiffs and the facts admitted in the pleadings and by stipulation, and granted the motion of defendant for judgment of dismissal.

From this judgment the plaintiffs appealed.

*Jones and Deane, by W. R. Jones, for plaintiff appellants.*

*Leath, Bynum & Kitchin, by Henry L. Kitchin, for defendant appellee.*

Stuart v. Insurance Co.

BALEY, Judge.

The key question involved in this appeal is whether the insurance company had knowledge of the non-occupancy of the insured premises prior to the issuance of the insurance contract. If so, it would be estopped to assert this defense, and plaintiffs would be entitled to recover.

[1]  It is the general rule that if an insurance company has knowledge through its agent prior to the issuance of a policy of fire insurance that the premises are vacant or unoccupied, the issuance of the policy waives any provision as to vacancy or non-occupancy, at least so far as it concerns the existing vacancy. *Fire Fighters Club v. Casualty Co.*, 259 N.C. 582, 131 S.E. 2d 430; *Johnson v. Insurance Co.*, 172 N.C. 142, 90 S.E. 124; Annot., 96 A.L.R. 1259 (1935).

In *Johnson v. Insurance Co., supra,* the court cites with approval from *Wood v. American Fire Ins. Co.*, 149 N.Y. 382, 386, 44 N.E. 80, 81 (1896):

> "The restrictions inserted in the contract upon the power of the agent to waive any condition, unless done in a particular manner, cannot be deemed to apply to those conditions which relate to the inception of the contract when it appears that the agent has delivered it and received the premiums with full knowledge of the actual situation."

Conceding, *arguendo,* that both the dwelling and the barn covered by this insurance policy were unoccupied, the defendant knew of such non-occupancy prior to the issuance of its policy. The record shows that the defendant had carried insurance coverage upon the premises here involved for at least ten years. On 5 August 1967, immediately prior to the issuance of the standard three year policy which preceded the policy upon which suit was brought, the agent of defendant was notified in writing that no one was living on the premises and that it was being looked after by a caretaker who lived a few miles from the farm. With full knowledge of the factual situation then existing, the defendant issued its policy effective 27 August 1967 and, without further notice from plaintiffs or any apparent investigation, subsequently issued its renewal policy effective 27 August 1970. The notice that a caretaker who lived a few miles from the farm was in charge of the premises was ample notice to defendant that the premises were unoccupied and gives rise

to a logical inference that they would remain so unoccupied unless defendant was notified of any changed conditions.

It is undisputed that the defendant accepted premiums after notice of non-occupancy. The premium for the policy period beginning in 1967 and for the renewal period beginning in 1970 were conceded to have been paid.

It cannot be assumed that the defendant intended to accept premiums upon a policy which it knew did not extend coverage. *Williams v. Insurance Co.*, 209 N.C. 765, 185 S.E. 21.

[2] Ordinarily waiver and estoppel must be pleaded as affirmative defenses. Rule 8(c), Rules of Civil Procedure. However the plaintiffs presented their evidence and the case was tried on the theory that the defendant had accepted its premiums with knowledge of the non-occupancy of the premises. The letter specifically setting out the notice of such non-occupancy was admitted in evidence without objection. In a liberal construction of the pleadings upon the theory under which the case was tried and under the factual circumstances here appearing, we hold waiver and estoppel were proper elements for consideration by the court. *Laughinghouse v. Insurance Co.*, 200 N.C. 434, 157 S.E. 131; *Horton v. Insurance Co.*, 9 N.C. App. 140, 175 S.E. 2d 725, *cert. denied*, 277 N.C. 251.

In *Willis v. Ins. Co.*, 79 N.C. 285, 289 (1878), the Supreme Court made this practical observation:

"Insurance contracts are prepared by insurers who have at their command in their preparation the best legal talent and business capacity, and every precaution is taken for their protection. This is made necessary to prevent the frauds of bad men. But on the other hand the insured are generally plain men without counsel, or the capacity to understand the involved and complicated writings which they are required to sign, and which in most cases probably they never read. What they understand is that they are to pay the insurers so much money, and if they are burnt out the insurers pay them so much. Where therefore there has been good faith on the part of the insured and a *substantial* compliance with the contract on their part, the Courts will require nothing more."

This makes good sense today as it did in 1878 and is applicable to the present case.

The judgment appealed from is reversed and a new trial ordered.

New trial.

Judges BROCK and VAUGHN concur.