THE STANDARD SUPPLY COMPANY, INC. v. RELIANCE INSURANCE COMPANY; GEORGE W. EAVES; AND EAVES INSURANCE AGENCY, INC.

No. 8010DC348

(Filed 2 December 1980)

1. Insurance § 128.1— fire insurance — failure to provide insured copy of policy — failure of agent to inform insurer of vacancy of premises

   In an action to recover the proceeds of a fire insurance policy, the trial court properly directed verdict for defendant insurance agency and the president of the agency since there was no merit to plaintiff's contention that there was a causal relationship between the failure of defendants to provide plaintiff with the renewal policy and plaintiff's subsequent loss, nor was there merit to plaintiff's contention that defendant agency and its president were negligent in not informing defendant insurance company, whose policy provided an exclusion if insured premises were vacant or unoccupied for longer than 60 days, that the dwelling house was unoccupied.

2. Insurance § 128— fire insurance — unoccupied dwelling — waiver of exclusion — jury question

   In an action to recover the proceeds of a fire insurance policy which excluded coverage on buildings which were vacant or unoccupied beyond 60 days, plain-

Supply Co. v. Insurance Co.

tiff's evidence properly raised issues as to whether defendant insurer had constructive knowledge that the dwelling insured was unoccupied and as to whether defendant insurer was on such notice of the non-occupancy of the house at the time the policy was renewed that its subsequent issuance of the policy constituted a waiver of the exclusionary provision or condition.

3. **Insurance § 136; Principal and Agent § 8— fire insurance — company's investigation of dwelling — company as agent of insurer — erroneous instructions**

A company employed by defendant insurer to make a fire inspection and report on a dwelling on which plaintiff sought coverage was, for that purpose, acting as agent of defendant insurer so that knowledge of the conditions of the property bearing on occupancy or non-occupancy as was gained by the company as a result of its investigation was imputable to defendant insurer, and the trial court's instruction to the contrary was erroneous

APPEAL by plaintiff from *Barnette (H. V.), Judge.* Judgments entered 14 December 1979 in District Court, WAKE County. Heard in the Court of Appeals 8 October 1980.

Plaintiff brought this action to recover the proceeds of a fire insurance policy written by defendant Reliance Insurance Company (Reliance) and issued by defendant Eaves Insurance Agency, Inc. (Eaves Agency) by its president, George W. Eaves (Eaves). The policy covered a dwelling house owned by plaintiff and situated in rural Chatham County. The policy contained an exclusion clause, as follows:

Unless otherwise provided in writing added hereto: This company shall not be liable for loss occurring while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of 60 days.

Plaintiff's evidence may be summarized as follows. Since 1961 or 1962, plaintiff had purchased fire and extended coverage insurance on the Chatham County dwelling through defendant Eaves Agency. Prior to 4 March 1976, defendant Reliance had written the coverage on the dwelling. In March 1976, plaintiff procured through Eaves Agency a renewal of its coverage with Reliance. In February 1976, prior to the writing of the renewal policy, defendant Reliance requested Tar Heel Reporting Company, Inc. (Tar Heel) to make a fire inspection and report on the dwelling. John Edward Jennings, Jr. (Jennings), president of Tar Heel subsequently made the investigation and submitted the report to Reliance. (His investigation and report will be discussed in more

detail in the body of the opinion.) His report described the condition of the property in some detail, and included a statement that the property was not vacant. The report did not otherwise specify whether the dwelling was occupied or unoccupied.

Following Jennings' inspection and report, Reliance furnished a summary of the report to Eaves Agency in which they expressed their concern about the state of disrepair of the front porch and steps of the dwelling. Eaves Agency requested plaintiff to furnish them the name of the tenant, but plaintiff did not respond to this request. At the time of the inspection and at the time the renewal policy was issued, the house was unoccupied and had been unoccupied since January 1975. Eaves Agency issued the renewal policy on or about 22 March 1976. The house was destroyed by fire on 5 July 1976. Other evidence for the plaintiff will be discussed in the body of the opinion.

Defendants did not offer evidence. At the close of plaintiff's evidence, the trial court granted defendants Eaves Agency's and Eaves' motions for a directed verdict, but denied defendant Reliance's motion for directed verdict. The trial court also denied plaintiff's motion for a directed verdict.

The issue submitted to the jury and the jury's answer were as follows:

1. Is the defendant, Reliance Insurance Company, estopped to assert the exclusion in the policy relating to non-occupancy?

ANSWER: NO

Plaintiff moved for summary judgment notwithstanding the verdict and for a new trial as to all defendants. These motions were denied.

*Reynolds & Howard, by E. Cader Howard, for plaintiff.*

*Johnson, Patterson, Dilthey & Clay, by Ronald C. Dilthey, for defendant Reliance Insurance Company.*

*Young, Moore, Henderson & Alvis, by Joseph C. Moore, Jr., and Walter Brock, Jr., for defendants Eaves.*

WELLS, Judge.

**[1]** Plaintiff first assigns as error the granting of defendants Eaves Agency's and George Eaves' motions for directed verdict. Taking plaintiff's evidence to be true and giving plaintiff the most favorable interpretation of the evidence, it remains that plaintiff, as a matter of law, has failed to make out a case of actionable negligence against Eaves Agency or Eaves individually. Plaintiff asserts that there was evidence of failure to provide plaintiff with the renewed policy, and that since Eaves had a duty to furnish plaintiff with the policy, this breach of duty constitutes negligence on their part. While accepting, *arguendo*, that there was evidence as to failure to furnish the policy to plaintiff, there is no showing of any causal relationship between such omission and plaintiff's subsequent loss, *i.e.*, plaintiff's evidence lacked the ingredient of proximate cause essential in establishing actionable negligence. Plaintiff argues that had it received the policy, it would have then been on notice of the exclusion and could have acted to procure a different type of coverage, presumably without the exclusion. Plaintiff's witnesses — the principal officers in the corporation — testified, however, that they had never read the predecessor policies (which were duplicative of the renewal policy) and that even if they had received renewal policy, they would not have read it.

Neither can we accept plaintiff's argument that defendants Eaves were negligent in not informing Reliance that the dwelling house was unoccupied. The evidence clearly shows that Reliance ordered its own investigation of the status of the property and that its investigator reported the property to be "not vacant". Plaintiff's failure to respond to Eaves' request for the name of plaintiff's tenant cannot be translated into an act of negligence on the part of Eaves. Eaves had no duty, independent of Reliance, to inspect the property or to determine whether the property was occupied.

**[2]** Plaintiff next assigns as error the failure of the trial court to direct a verdict in its favor against Reliance. The heart of plaintiff's claim against Reliance lies in the theory of waiver, based upon the proposition that Reliance had constructive knowledge that the house was unoccupied and that Reliance issued the policy while possessed of such knowledge. Whether or not Reliance had the constructive knowledge contended by plaintiff is a jury question. Plaintiff's evidence showed that the dwelling was in a state of substantial disrepair when it was inspected by Jennings. There was no electricity to the house and several windows were broken. There

was no observed heat source in the house and the house was sparsely furnished. On the other hand, a neighbor informed Jennings that people were living in the house and Jennings observed a "puppy" dog on the premises during his visit. Another of plaintiff's witnesses, Thomas Urquhart, testified that he visited and inspected the house in February of 1976. He described the poor condition of the house, its lack of electricity and sparse furnishings and the broken windows. These physical conditions suggested to him that the house was vacant, and that the conditions "to me say that you can't live there." Plaintiff presented similar testimony from Richard Urquhart.

The jury question arising on this evidence is whether a reasonable person, seeing the property in the conditions existing when Jennings visited it, could have concluded that the property was occupied, or, whether these conditions were such as to put Jennings on such notice of non-occupancy as to require further investigation. Our Supreme Court, quoting from 16 Appleman, Insurance Law and Practice, has stated the rule as follows:

> "Knowledge of facts which the insurer has or should have had constitutes notice of whatever an inquiry would have disclosed and is binding on the insurer. The rule applies to insurance companies that whatever puts a person on inquiry amounts in law to 'notice' of such facts as an inquiry pursued with ordinary diligence and understanding would have disclosed."

*Gouldin v. Insurance Co.*, 248 N.C. 161, 165, 102 S.E. 2d 846, 849 (1958).

In addition to the evidence of non-occupancy based on the observed conditions of the property, Reliance was never furnished with the name of a tenant for the property. This is further evidence from which the jury might, but need not, infer that Reliance was on notice of non-occupancy.

**[3]** The question of whether there was notice to Reliance depends in substantial degree on whether Jennings' knowledge was imputable to Reliance. In another assignment of error, plaintiff excepted to the portion of the trial court's charge to the jury in which the court instructed the jury on the issue of agency, as follows:

I will instruct you that the Tarheel Reporting Com-

pany was acting not as an agent of the Reliance Insurance
Company but as an independent contractor, and if you
should find that Ed Jennings — or John Ed Jennings of
the Tarheel Reporting Company failed to ascertain there
were no tenants living in the house or if you should find
that Mr. Jennings wrongfully concluded that the house
was not vacant, that this fact is not imputed to Reliance
Insurance Company, since Mr. Jennings and Tarheel
Reporting Company were not agents of Reliance Insur-
ance Company but were acting in the capacity of an
independent contractor. And the issue before you is not a
determination of whether or not Mr. Jennings and Tar-
heel Reporting Company wrongfully concluded that the
dwelling was not vacant.

We hold that the foregoing instruction was erroneous. While
recognizing that Tar Heel was not generally subject to the control
and direct supervision of Reliance and that in the general sense Tar
Heel was an independent contractor, this aspect of the relationship
is not determinative of the question of agency here. An independent
contractor may also be an agent. 2A C.J.S. Agency § 12, at 574
(1972); Restatement of the Law of Agency 2d § 14N, at 80 (1958). We
hold that for the purposes of making the investigation and report
Tar Heel was employed to make, Tar Heel was acting as the agent of
Reliance, so that such knowledge of the conditions of the property,
bearing on occupancy or non-occupancy, as was gained by Tar Heel
as a result of its investigation, was imputable to Reliance.

In another assignment of error, plaintiff excepts to the follow-
ing portions of the trial court's charge:

If you find from the facts and circumstances of this
case that the plaintiff should have known about the non-
occupancy clause prior to the renewal then this would be
constructive knowledge and they were then required to
answer the defendant's inquiry as to who the tenant was,
which they have testified to that they did not answer.
Knowing failure to do this would prohibit the plaintiff
from relying on the doctrine of equitable estoppel.

. . . .

Finally, on the issue that is to be submitted to you, if

you find that the plaintiff by the greater weight of the evidence has proven to you both of the following things, first, that the defendant, Reliance Insurance Company, at the time of the renewal had constructive knowledge of the non-occupancy of the building, and second, that the plaintiffs did not have constructive knowledge of the non-occupancy at the time of the renewal, if the plaintiff has proven to you both of these things then I instruct you to answer this issue in favor of the plaintiff, and that would be YES.

If, on the other hand, the plaintiff has not so proven both of these things, or you are unable to tell where the truth lies as to either of these things then answer the issue in favor of the defendant, which would be NO.

**[2]** Plaintiff argues that the evidence shows either that Reliance waived the exclusionary clause, or, that it should be estopped to deny coverage. Plaintiff also argues that plaintiff should not be estopped to assert coverage, even if it had constructive knowledge of the exclusionary clause.

In a case such as the one before us, the line between waiver and estoppel is often blurred. In previous opinions, this Court and our Supreme Court have dealt with and commented upon the characteristics which may either distinguish these two principles of law, or, may show the kinship of one to the other. *See Thompson v. Insurance Co.*, 44 N.C. App. 668, 262 S.E. 2d 397, *disc. rev. denied*, 300 N.C. 202, 269 S.E. 2d 620 (1980); *see also* 13 Strong's N.C. Index 3d, *Waiver*, § 2, at 294-95; 5 Strong's N.C. Index 3d, *Estoppel*, § 4, at 671-72; 18 Couch, Insurance 2d § 71:3, at 7, § 71:15, at 15 (1968); 16A Appleman Insurance Law and Practice § 9081, at 279 (1968).

In *Horton v. Insurance Co.*, 122 N.C. 498, 503, 29 S.E. 944, 945 (1898) our Supreme Court enunciated the rule that conditions in an insurance policy working a forfeiture are matters of contract and not limitation and may be waived by the insurer. Thus when the insurer, knowing the facts, does that which is inconsistent with its intention to insist on a strict compliance with the conditions precedent of the contract, it is treated as having waived their performance. *See also Gouldin v. Insurance Co., supra; Johnson v. Insurance Co.*, 172 N.C. 142, 90 S.E. 124 (1916); *Wells v. Insurance Co.*, 43 N.C. App. 328, 258 S.E. 2d 831 (1979), *disc. rev. denied*, 299 N.C. 124, 261

S.E. 2d 926 (1980); and *Stuart v. Insurance Co.*, 18 N.C. App. 518, 197 S.E. 2d 250 (1973).

We believe that plaintiff's evidence in the case *sub judice* properly raises an issue of whether Reliance was on such notice of the non-occupancy of the house at the time the policy was renewed that its subsequent issuance of the policy constituted a waiver of the exclusionary provision or condition. The question of whether plaintiff had notice, constructive or actual, that the policy contained such a provision has no bearing on the liability of Reliance. Such notice on the part of plaintiff would not estop plaintiff from asserting coverage.

The trial court should have given a charge properly explaining the law of waiver as it applies to the evidence in this case, and the instruction given was erroneous.

For the reasons given, there was no error in the trial court's denial of defendant Reliance's motion for directed verdict, nor in denying plaintiff's motions for directed verdict, nor in allowing defendants Eaves Agency's and George Eaves' motions for directed verdict. For errors committed in the trial, there must be a new trial as to the Standard Supply Co., Inc. v. Reliance Insurance Company.

The result is:

As to the Standard Supply Company, Inc. v. George W. Eaves and Eaves Agency, Inc.,

Affirmed.

As to Standard Supply Company, Inc. v. Reliance Insurance Company,

New trial.

Chief Judge MORRIS and Judge VAUGHN concur.