EDNA AUSTIN BRENDLE v. SHENANDOAH LIFE INSURANCE CO.

No. 8421SC1069

(Filed 6 August 1985)

1. **Insurance § 51— accidental death insurance—time limitation clause—not void as against public policy**

    A provision that accidental death benefits would be payable only if death occurred within 90 days of the accident was not void for reasons of public policy.

**2. Insurance §§ 8, 51— accidental death coverage—waiver of time limitation—summary judgment improper**

A provision that accidental death benefits would be payable only if death occurred within 90 days of the accident was a matter of forfeiture rather than of coverage because it did not create new risks for the insurer but merely extended a condition of existing coverage; therefore, a genuine issue of fact existed as to whether the insurer waived the 90-day clause and summary judgment for defendant insurer was improper.

**3. Insurance §§ 16, 67.2— accidental death benefits—group policy—waiver of premiums**

Summary judgment for defendant insurer as to accidental death benefits was not proper where a group life insurance policy did not lapse when payment of premiums ceased but was continued so long as proof of total disability was renewed each year and the policy and a letter from defendant to the insured regarding extension of coverage were silent as to whether the extension included the accidental death and dismemberment clause.

APPEAL by plaintiff from *Wood (William Z.), Judge.* Judgment entered 23 July 1984, Superior Court, FORSYTH County. Heard in the Court of Appeals 9 May 1985.

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready by G. Gray Wilson and Leon E. Porter, Jr., for the plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and William McBlief for the defendant appellee.*

COZORT, Judge.

Plaintiff filed a complaint seeking to recover double indemnity accidental death benefits under a group life insurance policy for the accidental death of her husband. Plaintiff's husband was involved in a truck accident which rendered him a quadriplegic until his death three years later. Defendant answered that nothing was owed under the accidental death coverage because death did not occur within 90 days of the accident as stipulated in the policy. Defendant moved for summary judgment claiming the insurance policy did not provide the coverage claimed by the plaintiff. The court entered summary judgment in favor of defendant and dismissed the action. We find summary judgment inappropriate in this case.

Plaintiff was the beneficiary of a group life insurance policy held by her husband's employer on his life. Included in the cover-

age was an accidental death and dismemberment provision which provided, "If an employee, while insured . . . under this policy, sustains bodily injuries solely through violent, external and accidental means and within ninety days thereafter suffers any of the losses specified . . . as a direct result of such bodily injuries and independently of all other causes, [insurer] will pay the amount specified for such loss."

Plaintiff's husband, Kenneth E. Brendle, was involved in a truck accident on 30 May 1980 which left him a quadriplegic and eventually brought about his death 34 months later. On 3 September 1980, 96 days after the accident, Brendle's left eye was surgically closed because of damage incurred secondary to injuries received in the accident. Loss of an eye was compensable under the policy.

Husband's employer discontinued premium payments on the policy on 1 June 1981. On 1 July 1981, defendant sent a letter to plaintiff's husband giving notice that premium payments had ceased. The letter stated that the insurer had notice of the husband's total disability and the insurer would extend the group life insurance coverage for one year. The letter instructed plaintiff's husband that, if insurer received written proof of continuing total disability by the anniversary of the date payments were discontinued, it would extend the group life insurance coverage for another year. Upon proof of continuing total disability, coverage could be extended for successive periods of one year each.

On 30 September 1981, plaintiff's husband filed a claim for the loss of his eye which had occurred more than a year before the claim was filed. Even though the surgery on the eye was performed 96 days after the accident and the claim was filed after defendant gave notice of waiver of premiums, defendant on 21 December 1981, paid $12,150.00 on the claim. On 3 April 1983 husband died and plaintiff gave notice and proof of loss to defendant. Defendant paid plaintiff $27,000.00 in ordinary life insurance under the group life insurance policy without objection; however, it refused to pay any sum under the accidental death provision.

Plaintiff filed suit claiming that the total policy was in full force at the time of her husband's death and that she was due an additional sum under the accidental death provision of the policy. Defendant answered by denying any additional liability under the

policy, claiming that the accidental death coverage had ceased when employer had ceased making premium payments and that her husband's death was not compensable under the accidental death provisions because his death had occurred outside the 90-day limit specified in the policy. After extensive discovery defendant filed a motion for summary judgment claiming it was entitled to judgment as a matter of law because the policy did not provide the coverage plaintiff claimed. At the hearing on the motion plaintiff submitted an affidavit in which decedent's physician stated that Brendle had died from complications which "resulted directly and independently from injuries sustained in the motor vehicle accident on May 30, 1980." On 23 July 1984, the court entered summary judgment for defendant dismissing the action. Plaintiff appealed.

[1] Plaintiff asks us to rule that summary judgment was improper in this case because provisions that accidental death benefits are payable only if death occurs within 90 days of the accident are void for reasons of public policy. Plaintiff claims that the purpose behind such time limitations is to protect the company from having to pay where the passage of time makes the determination of death difficult. Here, according to plaintiff, there is no question that decedent died as the result of his accident which had occurred thirty-four months earlier, and, therefore, there is no need to protect insurer from a questionable claim. Citing supporting case law from three other jurisdictions, plaintiff argues that to enforce the 90-day limit when there is no question about the cause of death would operate as an arbitrary forfeiture of the coverage the policy was designed to provide. *See National Life and Accident Insurance Co. v. Edwards*, 119 Cal. App. 3d 326, 174 Cal. Rptr. 31 (1981); *Karl v. New York Life Ins. Co.*, 139 N.J. Super. 318, 353 A. 2d 564 (1976); *Burne v. Franklin Life Insurance Co.*, 451 Pa. 218, 301 A. 2d 799 (Pa. 1973).

Defendant answers plaintiff's argument by pointing out that only those three jurisdictions have disallowed time limits on accidental death coverage while the vast majority of jurisdictions, like North Carolina, uphold the time limitation clauses as reasonable. Defendant points out that these limits serve several purposes among which are the avoidance of possible disputes between beneficiaries and insurers as to cause of death and that

insurers are able to fix premiums which are fair to insured and insurer.

Our courts have approved limitations in policies which restricted covered losses to those which occurred 90 days within the date of the accident. *Huffman v. Insurance Co.*, 264 N.C. 335, 141 S.E. 2d 496 (1965). The courts reason that an insurer must set out the specific types of loss covered and the time limit within which loss must occur in order to determine a reasonable premium rate. *Parker v. Insurance Co.*, 259 N.C. 115, 130 S.E. 2d 36 (1963). The time limitation clauses which have been approved by North Carolina appellate courts have not been on accidental death provisions, as we have here; however, the rationale remains the same. Thus, we decline to hold the 90-day limitation void for reasons of public policy. We also note that insurance policies and premium rates must be approved by the North Carolina Commissioner of Insurance. While such approval is not conclusive upon the courts, it is entitled to consideration when an insured contests an insurance clause on public policy grounds. *See Clark v. Insurance Co.*, 193 N.C. 166, 136 S.E. 291 (1927).

[2]  Plaintiff next argues that summary judgment was improper because an issue of fact remains as to whether defendant waived its right to enforce the 90-day limitation. Defendant paid a claim outside the 90-day limit for the loss of an eye under the same coverage as the current claim, according to plaintiff, and this constituted the waiver of a forfeiture provision (the 90-day clause) in the policy.

Defendant counters that while waiver and estoppel allegations present fact questions inappropriate for summary judgment, there is no such issue here because waiver and estoppel do not apply to policy provisions concerning coverage. Defendant continues that to disallow the 90-day clause would give plaintiff coverage which was not provided in the policy; therefore, the 90-day provision is a matter of coverage, not forfeiture, and cannot be waived absent an express agreement supported by new consideration. In addition defendant points out that even if waiver could be found, decedent's employer ceased making premium payments nearly two years before decedent's death, and the accidental death coverage had terminated because there was no express provision in the policy which allowed for its extension.

An insurer may be found to have waived a provision or condition in an insurance policy which is for its own benefit. *Brandon v. Insurance Co.*, 301 N.C. 366, 271 S.E. 2d 380 (1980). Implied waiver occurs when the insurer acts in a manner inconsistent with an intention to enforce strict compliance of the contested provision, *id.*, and the insured is naturally led to believe that the right has been intentionally given up. *Thompson v. Insurance Co.*, 44 N.C. App. 668, 262 S.E. 2d 397, *cert. denied*, 300 N.C. 202, 269 S.E. 2d 620 (1980). Although waiver and estoppel have been applied to nearly every area in which an insurer may deny liability, most courts give voice to the proposition that waiver and estoppel cannot be used to create coverage which is nonexistent or expressly excluded from a policy. *Currie v. Insurance Co.*, 17 N.C. App. 458, 194 S.E. 2d 642 (1973). The essential question which must be answered when an issue of waiver or estoppel is raised is whether the contested provision is a matter of forfeiture, to which the principles apply, or a matter of coverage, where any change in terms must be by express agreement supported by new consideration. *Id.* The general rule enunciated by our courts is that if the provision's subject matter is within the terms of the contract, it is a matter of forfeiture. If, however, the provision creates new terms or creates a new risk which is expressly excepted or excluded by the policy, the provision is one of coverage. *Durham v. Cox*, 65 N.C. App. 739, 310 S.E. 2d 371 (1984). In North Carolina it would appear that the only provisions which have thus far been determined to be conditions of coverage are age limitations in life insurance policies, *Currie v. Insurance Co.*, *supra*, and clauses which exclude flight crew members from coverage if their death occurs while they are working or training on a flight. *Pearce v. American Defender Life Insurance Co.*, 74 N.C. App. 620, 330 S.E. 2d 9 (1985).

In the present case, we are persuaded by defendant's own actions that it considered the 90-day clause subject to waiver. Plaintiff's husband filed a claim for the loss of his eye which had occurred more than 90 days after the accident. Although defendant maintains that the actual loss preceded the 3 September 1981 operation and was within the 90-day period, there is no evidence in the record which supports their claim. We can only assume that the compensable loss occurred more than 90 days after the accident. That defendant was willing to extend coverage to ac-

commodate the loss of the eye would seem to support plaintiff's contention that the primary purpose of the clause was not to limit coverage absolutely, but was protection for the insurer to assure them that they only compensated loss due to the accident. We find that the 90-day clause was a matter of forfeiture rather than coverage because it did not create new risk for the insurer but merely extended a condition of existing coverage. Therefore, a genuine issue as to whether the insurer waived the 90-day clause exists between the parties. Because issues of waiver and estoppel are mixed questions of law and fact which must be submitted to a jury, we hold that summary judgment for the defendant was improper because a genuine issue of material fact existed between the parties.

[3]　Finally, with regard to defendant's contention that coverage on the accidental death provision had lapsed because the employer had failed to continue premium payments, we find nothing in the record which compels us to so find as a matter of law. It is well established in this State that an insurance company may waive its right to assert forfeitures of an insurance policy for the nonpayment of premiums. *Thompson v. Insurance Co., supra.* In the present case, the policy did not lapse when payment of premiums ceased but was continued so long as proof of total disability was renewed each year. The policy and the 1 July 1981 letter from defendant to insured are silent as to whether the extension included the accidental death and dismemberment clause.

Evidence is sufficient to go to the jury and defeat a motion for summary judgment when the evidence is sufficient to permit, but not compel, a favorable verdict. *Brandon v. Insurance Co., supra.* Because genuine issues of fact concerning waiver or estoppel and continuation of coverage exist between the parties, and because plaintiff has presented sufficient evidence which would allow her a favorable verdict, we find summary judgment to be inappropriate in this case.

Reversed.

Judges WELLS and JOHNSON concur.